STAUTBERG INSURANCE ASSOCIATES, INC., APPELLANT, *v.*
PRUES, MAYOR, ET AL., APPELLEES.

(No. C-790097—Decided April 23, 1980.)

*Mr. Thomas M. Tepe,* for appellant.

*Mr. William R. Tepe, Jr.,* director of law, for appellees.

CASTLE, J. This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

An action was filed by the plaintiff-appellant, Stautberg Insurance Associates, Inc., in the court below seeking a temporary restraining order, permanent injunctive relief, and a declaratory judgment. Answers were filed on behalf of the several defendants-appellees and the parties filed cross-motions for summary judgment, which were supported by affidavits and briefs, and argued in the trial court. The appellant's motion for summary judgment was denied and the motion for summary judgment on behalf of the appellees was granted. From this ruling of the trial court the appellant has brought its timely appeal.

The Norwood City Council, in enacting Ordinance No. 39, authorized the Director of Public Service-Safety of Norwood to secure bids from interested insurance agencies which would provide, to the city of Norwood, insurance coverage for various aspects of city operations. The Director of Public Service-Safety was also authorized to advertise in a newspaper

of general circulation inviting bids, as per the invitation to bid and specifications provided by the city of Norwood. Neither the invitation to bid as authorized nor the specifications as issued required a "bid bond."

On or about July 18, 1978, an advertisement was entered in the Hamilton County Court Index which notified all readers of the interest of the city of Norwood in securing bids for the various insurance coverages, as provided by the specifications and invitation to bid and as authorized by Ordinance No. 39. The advertisement included this language:

"Each bid must be accompanied by a bond or certified check on a solvent bank payable to the City of Norwood for ten (10%) percent of the total of the bid. Each bid must contain the name in full of every person or company interested in the contract."

The advertisement also advised as follows:

"Proposal forms, specifications, etc., may be obtained upon application at the office of the Director of Public Service-Safety, City Hall, Norwood, Ohio."

As a consequence of this advertisement, appellant alleges that it responded with a bid in proper form, including a bid bond as required by the advertisement. Another insurance agency also responded to the invitation in proper form, but did not include the bid bond as required by the advertisement. The latter agency submitted a bid which was $12,000 less than appellant's and was awarded the contract as the low bidder.

Appellant phrases its assignment of error thusly:

"Pursuant to [sections] 735.05 and 735.06 of the Ohio Revised Code, proposals to provide insurance coverages to a Municipality through the office of the Public Service-Safety Director, mandate that a 10% bid bond or cashiers' check be included, if not, such proposal is not in compliance with Statute and cannot be accepted by the Municipality through the Public Service-Safety Director."

We are going to interpret the assignment of error to mean it is appellant's contention that the trial court erred in granting the appellees' motion for summary judgment and in overruling the appellant's motion for summary judgment.

It is fundamental that the General Assembly may lay down rules governing the procedure for the letting of public contracts. Similarly, it is obvious that the public generally benefits

from competitive bidding and that the sanctity of the bidding process must be preserved. *Bd. of Edn.* v. *Sever-Williams Co.* (1970), 22 Ohio St. 2d 107, certiorari denied (1970), 400 U.S. 916. We likewise recognize that "***[t]he purpose of a bid bond is to guarantee the entering into of a contract and the giving of a bond for the performance of the work by the successful bidder.***" *Altschul* v. *Springfield* (1933), 48 Ohio App. 356, 365.

The authorities cited by the parties in their briefs and our independent research have failed, however, to reveal a case which is persuasive and instructive on the issue presented in the case *sub judice.* The issue as we see it is whether R. C. Chapter 735, specifically R. C. 735.05 and 735.06, requires the giving of a bid bond in a factual situation such as the one presented to us. R. C. 735.05 deals with "public contracts" and provided (R. C. 735.05 was amended, effective March 14, 1980), in pertinent part, as follows:

"The director of public service may make any contract, purchase supplies or material, or provide labor for any work under the supervision of the department of public service***. When an expenditure within the department***exceeds two thousand five hundred dollars, such expenditure shall first be authorized and directed by ordinance of the legislative authority of the city. When so authorized and directed,***the director shall make a written contract with the lowest and best bidder after advertisement for not less than two nor more than four consecutive weeks in a newspaper of general circulation within the city."

It will be observed that nowhere in R. C. 735.05 is the giving of a bid bond required. Looking then to the provisions of R. C. 735.06, we find, in pertinent part, this language:

"*Bids for work* under the supervision of the department of public service shall be opened at the time, date, and place specified in the notice to bidders or specifications and shall be publicly read by the director of public service or a person designated by him.***

"Each bid shall contain the full name of each person or company interested in it, and shall be accompanied by a sufficient bond or certified check on a solvent bank that if the bid is accepted a contract will be entered into and its performance properly secured. *If the work bid* embraces both labor and

material, such items shall be separately stated with the price thereof." (Emphasis added.)

It is clear to us that the provisions of R. C. 735.06 do not apply to the bidding for a contract to provide insurance for a municipal corporation. Referring back to the language of R. C. 735.05, we note that the opening sentence of that section is phrased in the disjunctive, so that it could be read: "The director of public service may make any contract***[*or*] purchase supplies or material, or provide labor for any work under the supervision of the department of public service***." R. C. 735.05 states that the expenditure may be authorized by ordinance of the legislative authority of the city. R. C. 735.06 addresses itself to bids for "work"; and, when the "work bid embraces both labor and material," these items must be stated separately. In construing statutory language, R. C. 1.42 reads, in pertinent part:

"Words and phrases shall be read in context and construed according to the rules of grammar and common usage.***"

We come, therefore, squarely to the position that there is no statutory requirement that a bid bond be furnished by a bidder when the city is purchasing insurance. Moreover, the ordinance in question authorizing that purchase, as demonstrated by the specifications and invitation to bid, did not require a bid bond.

We are of the opinion that the invitation to bid and the specifications, which were on file with the Director of Public Service-Safety, control over the language contained in an advertisement inviting bids. This is particularly so where, as here, the advertisement itself notified prospective bidders that "[p]roposal forms, specifications, etc., may be obtained upon application at the office of the Director of Public Service-Safety, City Hall, Norwood, Ohio."

The trial judge properly sustained the motion for summary judgment of the appellees and overruled the motion for summary judgment of appellant. The assignment of error is therefore without merit.

It is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

PALMER, P. J., and KEEFE, J., concur.