SHEALY, APPELLEE, *v.* CAMPBELL, APPELLANT.

[Cite as Shealy *v.* Campbell (1985), 20 Ohio St. 3d 23.]

(No. 85-156—Decided November 13, 1985.)

24

Kennedy, Purdy, Hoeffel, Erlsten & Gernert and Paul E. Hoeffel, for appellee.

Spurlock, Sears, Pry & Griebling, Robert B. Spurlock and John F. King, for appellant.

DOUGLAS, J. The threshold issue in this case is whether an insurance company, which pays the entire amount of a judgment pursuant to a policy issued to an insured tortfeasor, is the sole real party in interest in a subsequent action against a joint tortfeasor for contribution pursuant to R.C. 2307.31(C). This court holds, for the reasons that follow, that the insurance company is the sole real party in interest in such an action.

It is axiomatic that actions must be brought in the name of the party who possesses the substantive right being asserted under applicable law. Civ. R. 17(A) provides, in pertinent part, as follows:

"Every action shall be prosecuted in the name of the real party in interest. * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

A "real party in interest" has been defined as "* * * one who has a real interest in the subject matter of the litigation, and not merely an interest in the action itself, i.e., one who is directly benefitted or injured by the outcome of the case. State, ex rel. Dallman, v. Court of Common Pleas (1973), 35 Ohio St. 2d 176 [64 O.O.2d 103]; In re Highland Holiday Subdivision (1971), 27 Ohio App. 2d 237 [56 O.O.2d 404]." (Emphasis sic.) West Clermont Edn. Assn. v. West Clermont Bd. of Edn. (1980), 67 Ohio App. 2d 160, 162 [22 O.O.3d 228].

The purpose behind the real party in interest rule is " '* * * to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the

judgment, and that he will be protected against another suit brought by the real party at interest on the same matter.' *Celanese Corp. of America* v. *John Clark Industries* (5 Cir. 1954), 214 F. 2d 551, 556." *In re Highland Holiday Subdivision, supra,* at 240.

To determine whether the requirement that the action be brought by the real party in interest is sufficed, courts must look to the substantive law creating the right being sued upon to see if the action has been instituted by the party possessing the substantive right to relief. Our analysis must thus necessarily begin with R.C. 2307.31, for it is the specific statute which authorizes invocation of the judicial process in this suit for contribution. R.C. 2307.31, in pertinent part, provides as follows:

"(C)  A liability insurer, which by payment has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full its obligation as insurer, is subrogated to the tortfeasor's right of contribution to the extent of the amount it has paid in excess of the tortfeasor's proportionate share of the common liability. This provision does not limit or impair any right of subrogation arising from any other relationship."

This section clearly allows for the intervention of the insurance company as a party to an action for contribution, for it provides that once an insurer has discharged its obligations to its insured, it becomes subrogated to the rights of its insured.

In the instant case, the Celina Mutual Casualty Company is the subrogee pursuant to R.C. 2307.31(C), for it was stipulated that it had discharged its obligation as insurer. In addition, it was stipulated that Celina Mutual Casualty Company paid the entire claim to McClain. Celina Mutual Casualty Company is the party which possesses the right to be enforced. Celina Mutual Casualty Company, not Shealy, will be the party that directly benefits or is injured by the outcome of this suit. It is the insurance company, not Shealy, that has the most significant interest in this particular action.

Celina Mutual Casualty Company is thus the real party in interest herein. This result is in accord with the general rule that a fully subrogated insurer is the real party in interest and must bring suit in its own name, for when the loss is fully paid by an insurer and the insurer becomes subrogated to the insured's claim against the wrongdoer, the insured no longer has a right of action against the wrongdoer. See, generally, 6 Wright & Miller, Federal Practice & Procedure, Subrogation (1971) 656, Section 1546; 16 Couch on Insurance 2d (1983) 104, Section 61.26.

Not only is the insurance company herein a real party in interest, the insurance company is the *sole* real party in interest pursuant to this court's holding in *Cleveland Paint & Color Co.* v. *Bauer Mfg. Co.* (1951), 155 Ohio St. 17 [44 O.O. 59]. In that case at 25, this court adopted the proposition that " '* * * if the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in his own name. * * *' " As was stated above, it is undisputed that Celina Mutual Casualty Company paid the entire amount of the claim.

26

This court thus holds that an insurance company, which pays the entire amount of a judgment pursuant to a policy issued to an insured tortfeasor and thereafter becomes subrogated to that claim, is the sole real party in interest in a subsequent action brought against a joint tortfeasor for contribution pursuant to R.C. 2307.31(C).

Accordingly, this court concurs with the judgment of the court of appeals that, in accordance with the language in Civ. R. 17(A), "* * * [n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. * * *" Accordingly, this cause is remanded to the trial court for further proceedings and to permit the prompt substitution of Celina Mutual Casualty Company as the real party in interest in this cause of action.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed
and cause remanded.*

SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

CELEBREZZE, C.J., concurs in judgment only.