OPINION
This original action in prohibition is presently before this court for consideration of respondent's motion to dismiss, filed on March 22, 1999. As the primary basis for his motion, respondent, Judge Ronald J. Rice of the Trumbull County Court, Eastern District, contends that relator, Rien Construction Company, lacks standing to maintain this action against him. For the following reasons, we conclude that the motion to dismiss has merit.
In bringing the instant action, relator seeks the issuance of a judgment which would enjoin respondent from taking any steps to enforce an order he rendered on January 4, 1999. This request for relief is based on these basic allegations: (1) in September 1998, relator submitted a bid on a contract to lease certain office space to the Eastern District of the Trumbull County Court; (2) after the Trumbull County Board of Commissioners had awarded the contract to a second bidder, relator brought an action against the Board of Commissioners in the Trumbull County Court of Common Pleas; (3) that litigation resulted in a judgment in favor of relator, in which the contract between the Board of Commissioners and the second bidder was declared void; (4) that judgment was then appealed to this court; and (5) while that appeal was pending, respondent released an order in which he specifically demanded the Board of Commissioners to accept bids for temporary facilities to house his court until the appeal was resolved.
In arguing that respondent lacked jurisdiction to issue the order in question, relator asserts in his prohibition petition that the order sets forth certain requirements which will ultimately force the Board of Commissioners to award the contract for the interim facilities to the same bidder who was awarded the "permanent" contract. Based upon this, relator also asserts that respondent's order was designed to "subvert" the judgment of the Trumbull County Court of Common Pleas as to the validity of the "permanent" contract. In addition, relator alleges that respondent's order improperly invades the legal authority and discretion of the Board of Commissioners.
In now maintaining that relator's prohibition claim should be dismissed, respondent simply contends that only the Trumbull County Board of Commissioners would have standing to challenge his jurisdiction to issue the order. Although not expressly cited by respondent, our review of the general case law on standing shows that his contention has merit.
Before an individual can have standing to assert a claim, he must be the "real party in interest" to the action. In defining the foregoing term, the Supreme Court of Ohio has indicated that it is not sufficient for the individual to have a general interest in the subject matter of the action; instead, the individual must be the party who will directly be helped or harmed by the outcome of the action. Shealy v. Campbell (1985), 20 Ohio St.3d 23, 24. In other words, the individual must have a personal stake in the result of the controversy. State ex rel. Dallman v. Court ofCommon Pleas (1973), 35 Ohio St.2d 176, 179. The purpose of the standing requirement is to not only ensure that the defendant-respondent will be able to raise all relevant issues which he would be entitled to assert against the real party in interest, but additionally to ensure that the defendant-respondent will not be required to defend the same case again against the real party in interest. Shealy at 24-25.
In the instant action, our review of the order in question readily indicates that its requirements were directed solely at the Trumbull County Board of Commissioners, in that the Board was essentially ordered to provide temporary facilities for respondent's court. Accordingly, if this court were to grant a writ of prohibition, it would be the Board of Commissioners which would directly benefit from our decision, to the extent that it would no longer be required to perform the actions sought by relator.
While relator certainly has an interest in the issue of whether respondent's order should be enforced, that interest is only indirect. Instead, relator's would only have a direct interest in what the Board of Commissioners do in compliance with the order. That is, relator would only be directly affected by the awarding of the "temporary" contract to the second bidder. Under that scenario, relator's remedy would be against the Board, not respondent.
In that respect, relator's remedy in relation to the "temporary" contract would be the same remedy it pursued as to the "permanent" contract. This court simply cannot conceive of any reason why relator's remedy should be any different because the acts of the Board of Commissioners occurred in response to a court order, as compared to informal discussions between the Board and respondent.
In fact, relator has readily admitted in its response to the motion to dismiss that it has already sought a temporary restraining order against the Board of Commissioners, but that this request was denied by the Trumbull County Court of Common Pleas. By making such a request, relator has not only admitted that it has an adequate remedy at law, but that it was attempting to use this action against respondent as a substitute for the proper action against the Board of Commissioners.
If the Board of Commissioners believes that the requirements of respondent's order are improper, it is the responsibility of the Board to maintain the action challenging the power of respondent to issue the order. The principle of standing forbids relator from bringing a case to protect the rights of a third party. SeeMurr v. Ebin (May 6, 1997), Franklin App. No. 96 APE10-1406, unreported.
As an aside, we would note that, as part of its response to respondent's motion to dismiss, relator has requested that it be given the opportunity to hold certain discovery proceedings before we rule upon the motion. Relator argues that the proceedings would be used to obtain information concerning any communications between respondent, the Board of Commissioners, and the second bidder about the temporary facilities. Relator asserts that the discovery of this information is necessary to its case because: (1) such information will establish that the procedure set forth in respondent's order is unfair; and (2) the information is needed to combat certain evidential materials attached to the motion to dismiss.
In relation to this request, this court would emphasize that relator has not argued that this information would be relevant to the standing issue. Instead, the information would only be relevant to other issues raised by respondent which, given our holding on the standing issue, we need not address. Further, we would indicate that we have not considered respondent's evidential materials in ruling upon the standing issue. As a result, relator's request for discovery is overruled.
As relator lacks standing to challenge respondent's jurisdiction in issuing the order of January 4, 1999, the merits of relator's prohibition petition are not properly before this court. Accordingly, respondent's motion to dismiss the instant action is granted. It is the order of this court that relator's prohibition petition is hereby dismissed.
 ________________________________ PRESIDING JUDGE DONALD R. FORD
 ________________________________ JUDGE JUDITH A. CHRISTLEY
 ________________________________ JUDGE WILLIAM M. O'NEILL