OPINION
Appellant, Estate of Frank Pohlkamp, appeals the decision of the Butler County Court of Common Pleas granting summary judgment to appellee, United Farm Family Mutual Insurance Company ("UFF"). We affirm the decision of the trial court.
Donna L. and Roger Lake filed suit against Frank Pohlkamp for damages resulting from an auto accident that occurred on July 22, 1995. The Lakes later amended their complaint to add their underinsured ("UIM") motorist carrier, UFF, as a defendant. UFF filed a cross-claim against Pohlkamp to recover all payments UFF might make to the Lakes under their UIM policy.
Pohlkamp's liability insurer, Motorists Mutual Company ("Motorists Mutual"), offered to settle the Lakes' claim for $45,000. Pohlkamp's liability policy with Motorists Mutual carried limits of $50,000 per accident and $100,000 per occurrence. The Lakes notified UFF of Motorists Mutual's settlement offer. UFF paid the Lakes $45,000 to preserve its subrogation rights against Pohlkamp, with the understanding that the Lakes would retain the right to claim additional damages against Pohlkamp.
Pohlkamp died while the case was pending and his estate ("the estate") was substituted as a party defendant. UFF filed an amended cross-claim against the estate.
The Lakes' UIM policy with UFF provided coverage of $100,000 per person and $300,000 per occurrence. The policy's terms required binding arbitration of the Lakes' UIM claim. With the consent of the trial court and the agreement of all parties, the case proceeded to arbitration. On September 3, 1998, the arbitration panel determined that the Lakes' damages totaled $70,000. UFF paid an additional $25,000 to the Lakes.
UFF filed a motion for summary judgment on its cross-claim against the estate. The trial court granted summary judgment to UFF, awarding UFF the sum of $70,000. From this decision of the trial court, the estate appeals raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN AWARDING SUMMARY JUDGMENT AGAINST APPELLANT WHEN THE ESTATE OF FRANK POHLKAMP DID NOT SIGN ANY AGREEMENT TO ARBITRATE THE CASE OR A WAIVER AS REQUIRED BY LOCAL RULE 4.02(B).
In its first assignment of error, the estate argues that the trial court erred by granting summary judgment to UFF. The estate maintains that it did not agree to binding arbitration in accordance with Loc.R. 4.02(B) of the Court of Common Pleas of Butler County, General Division[1] ("Loc.R. 4.02[B]"). As a result, the estate further asserts that the trial court incorrectly concluded that the arbitration award was binding on the estate.
It is appropriate for a trial court to grant summary judgment pursuant to Civ.R. 56(C) when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. A party seeking summary judgment bears the initial burden of informing the court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claims. Desher v. Burt (1996), 75 Ohio St.3d 280,293. If the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.Id.; Civ.R. 56(E). This court reviews a trial court's decision to grant summary judgment de novo. Jones v. Shelly Co. (1995),106 Ohio App.3d 440.
In this case liability was not at issue. It is undisputed that Pohlkamp was liable for the damages resulting from the accident. The estate even concedes that there are no material issues of fact in dispute. The estate challenges only the trial court's decision to award summary judgment to UFF on its subrogation cross-claim in the amount of $70,000.
It is generally well-settled that upon payment of a loss caused by a third person, an insurer has the right to be subrogated to the rights of the insured. See, e.g., Bogan v. Progressive Cas.Ins. Co. (1988), 36 Ohio St.3d 22, 29. Subrogation is defined as follows:
 Where a loss, covered by insurance, is occasioned by a wrong-doer, the underwriter, after reimbursing it in specie, or making compensation in money, is, in a proper case, entitled to be subrogated, quoad hoc, to the right of the assured against the wrong-doer. This is of the highest equity; for whereas the loss is, in the first instance, that of the insured, after reimbursement or compensation, it becomes the loss of the insurer.
Newcomb v. Cincinnati Ins. Co. (1872), 22 Ohio St. 382, paragraph one of the syllabus; accord, Bogan,36 Ohio St.3d at 29; Aerosol Systems, Inc. v. Wells Fargo Alarm Services (1998),127 Ohio App.3d 486, 500. The legal doctrine of subrogation has long been recognized in Ohio as an insurer's derivative right. See id. The right of subrogation is also specifically granted to providers of uninsured/underinsured motorist coverage by R.C. 3937.18(E).[2]
A fully subrogated insurer is the real party in interest in an action against the tortfeasor who caused harm to the insured and must bring suit in its own name. Shealy v. Campbell (1985),20 Ohio St.3d 23, 25. Under the principles of subrogation, when an insurer fully pays the loss occasioned by the insured and the insurer becomes subrogated to the insured's claim against the wrongdoer, the insured no longer has a right of action against the wrongdoer. Id.
While this case was pending, Pohlkamp's liability carrier, Motorists Mutual, offered the Lakes $45,000 to settle their claim. The Lakes communicated this offer to UFF which then paid this amount to the Lakes in order to preserve its subrogation rights. The estate concedes that UFF is entitled to recover this amount. The Lakes, UFF and the estate participated in arbitration in accordance with the terms of the UIM policy in order to determine the amount of damages owed to the Lakes under the policy. The arbitration panel determined that the Lakes' total damages under the contract totaled $70,000. UFF paid the Lakes $25,000 in addition to the $45,000 paid as a result of Motorists Mutual's offer to settle. The Lakes executed a release in favor of UFF and agreed to cooperate with UFF's exercise of its subrogation rights.
By compensating the Lakes for their injuries arising out of the auto accident, UFF's rights against the estate are precisely those once held by the Lakes. Since the estate concedes liability, UFF is entitled to recover the same amount in damages from the estate that the Lakes could have recovered. The estate failed to meet its burden of showing that there was any genuine issue for trial in order to prevail against UFF's motion for summary judgment.
The estate's reliance on Loc.R. 4.02 to challenge the trial court's award of summary judgment to UFF is misguided for several reasons. First, as noted above, the trial court did not impose the arbitration award on the estate and, as such, Loc.R. 4.02 is not applicable to the estate. Rather, the trial court awarded UFF summary judgment on the basis of its subrogation rights. Second, in any event, the record reflects that all of the parties consented to and participated in the arbitration proceedings.[3] Finally, even if Loc.R. 4.02(B) applied to the estate, the estate never challenged before the trial court the lack of a signed agreement to arbitrate. It is axiomatic that a party cannot raise new issues or legal theories for the first time on appeal. See, e.g., Stores Realty v. Cleveland (1975), 41 Ohio St.2d 41,43; Chandler and Asssoc., Inc. v. America's HealthcareAlliance, Inc. (1997), 125 Ohio App.3d 572, 582.
Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN AWARDING APPELLEE AN AMOUNT WHICH DID NOT PROVIDE FOR THE SETOFF TO WHICH APPELLEE WAS ENTITLED IN DONNA LAKE'S CLAIM FOR UNDERINSURED MOTORIST BENEFITS.
In its second assignment of error, the estate argues that the trial court incorrectly calculated the damages awarded to UFF. The estate contends that the trial court should have reduced or "setoff" the damages awarded to UFF by $50,000, the full amount of Pohlkamp's policy limit with Motorists Mutual. Alternatively, the estate asserts that the judgment should be reduced by the Motorists Mutual's offer to settle the case for $45,000.
UFF's cross-claim is based on the exercise of its subrogation rights against the estate. Although Motorists Mutual offered the Lakes $45,000 to settle their claim, there is nothing in the record indicating that Motorists Mutual ever paid this amount to either the Lakes or UFF. Moreover, as noted by the trial court, Motorists Mutual was never named as a party to this lawsuit. The estate also has not paid any damages to the Lakes.
The right of setoff is a right held by the UIM carrier, not the tortfeasor. See R.C. 3937.18. We are unaware of any authority, and the estate cites no authority, that maintains that a tortfeasor can assert the right of setoff on behalf of the injured party's UIM carrier in order to reduce its own liability. This case is a simple case of subrogation where liability is clear and uncontested. UFF is entitled to recover the unpaid damages from the estate in the amount of $70,000.[4] Appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.
[1] Loc.R. 4.02(B) of the Court of Common Pleas of Butler County, General Division states:
 * * * The agreement submitting the action to binding arbitration shall be filed with the court and shall be signed by all parties to the action and their counsel. The agreement must affirmatively state, in a separate paragraph directly above the place for signatures and placed in all capital letters, that each party understands that by agreeing to binding arbitration he is forever waiving his right to have a trial of the facts before either a jury or a judge.
[2] R.C. 3937.18(E) states in part:
 In the event of payment to any person under the coverages offered under this section and subject to the terms and conditions of such coverages, the insurer making such payment to the extent thereof is entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury or death for which such payment is made * * *.
[3] We also note that the estate admitted to participation in the arbitration proceedings in oral argument before this court.
[4] This opinion does not address the issue of the right of reimbursement, if any, between Motorists Mutual and the estate pursuant to the terms of their insurance policy.