Appellant, Fred Frame, appeals the decision of the Medina County Municipal Court. We affirm.
 I.
Mr. Frame operated a secondhand store out of his home, selling used refrigerators among other items. In May 1997, appellee, Janet Mayer, asked a friend of hers, Dave Elkins, to purchase a secondhand refrigerator for her. She agreed to pay $270.00 for the refrigerator and also paid Mr. Elkins $30 for assisting in delivering it. Mr. Frame acknowledged that he knew that Mr. Elkins was purchasing the refrigerator on behalf of Ms. Mayer. Mr. Frame delivered the refrigerator to Ms. Mayer's house in Medina County, Ohio and plugged it in. At the time of delivery, the refrigerator hummed as if it were working, but later, Ms. Mayer discovered that it was not functioning properly. Thereafter, Ms. Mayer informed Mr. Frame that the appliance was not working, and he offered to reimburse her for up to $100.00 for a repair estimate. Accordingly, Ms. Mayer had a repair company inspect the refrigerator and was told that it was irreparably damaged. She paid approximately $56.00 for the repair estimate.
When Ms. Mayer contacted Mr. Frame and told him the repair status, Mr. Frame indicated that he would give her a replacement refrigerator and that she should come to his home to pick a suitable one. However, Ms. Mayer missed the scheduled appointment, and subsequently, Mr. Frame sold the refrigerators that he had in stock. Further, Mr. Frame refused to pay Ms. Mayer for the repair estimate, which he had previously agreed to pay. Consequently, on May 17, 1999, Ms. Mayer filed a complaint in the Medina County Municipal Court. On August 24, 1999, a hearing was held before a magistrate, during which both Ms. Mayer and Mr. Frame testified. Subsequently, the magistrate rendered a decision in favor of Ms. Mayer and awarded her $396.05. Mr. Frame timely filed objections to the magistrate's decision, and on February 1, 2000, the trial court overruled Mr. Frame's objections and adopted the magistrate's decision. This appeal followed.
 II.
Mr. Frame asserts three assignments of error. We will address each in due course, consolidating the first and third assignments of error to facilitate review.
 A. Second Assignment of Error THE TRIAL COURT ERRED WHEN FINDING THAT DAVID ELKINS WAS NOT A PARTY TO THIS ACTION[.]
In his second assignment of error, Mr. Frame contends that the trial court erred in finding that Mr. Elkins was not a real party in interest to this action and that the agreement for the sale and purchase of the refrigerator was between Mr. Frame and Ms. Mayer, instead of between Ms. Mayer and Mr. Elkins. We disagree.
An agency relationship may be created by the express grant of authority by a principal to an agent. Master Consol. Corp. v. Bancohio Natl. Bank
(1991), 61 Ohio St.3d 570, 574. Generally, when an agent makes a contract with a third party on behalf of the principal with the understanding of the third party that solely the principal was to be bound and where the agent was acting within the scope of his authority, then the agent incurs no liability on the contract. James G. Smith Assoc., Inc. v. Everett (1981), 1 Ohio App.3d 118, 120. Further, a "real party in interest" is one who has a real interest in the subject matter of the litigation. Shealy v. Campbell (1985), 20 Ohio St.3d 23, 24.
In the case at bar, Ms. Mayer asked Mr. Elkins if he would purchase a secondhand refrigerator for her for approximately $270 and told him that she would give him $30 to assist in its delivery. Mr. Frame admitted that he knew that Mr. Elkins was purchasing the refrigerator on Ms. Mayer's behalf and delivered it directly to Ms. Mayer's residence. Accordingly, we conclude that as Mr. Elkins was acting as Ms. Mayer's agent, acting within the scope of his agency, in purchasing the refrigerator and had no real interest in the present litigation, the trial court did not err in concluding that Mr. Elkins was not a real party in interest. Mr. Frame's second assignment of error is overruled.
 B. First Assignment of Error THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT GRANTED A WARRANTY ON THE REFRIGERATOR SOLD TO PLAINTIFF[.]
 Third Assignment of Error THE TRIAL COURT ERRED RENDERING ITS JUDGMENT WHEN THE JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]
In his first assignment of error, Mr. Frame avers that the trial court erred in finding that there was an implied warranty of merchantability because he is not a merchant within the meaning of R.C. 1302.27. Apparently, Mr. Frame also contends that the refrigerator was sold "as is" and that Ms. Mayer had the opportunity to inspect the refrigerator prior to purchasing it; therefore, the implied warranty of merchantability was excluded under R.C. 1302.29(C). In his third assignment of error, Mr. Frame contends that the trial court's judgment was against the manifest weight of the evidence. We disagree.
When the manifest weight of the evidence is challenged, "[a]n appellate court conducts the same manifest weight analysis in both criminal and civil cases." Ray v. Vansickle (Oct. 14, 1998), Lorain App. Nos. 97CA006897/97CA006907, unreported, at 3.
 "The [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered."
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. Moreover, "[e]very reasonable presumption must be made in favor of the judgment and the findings of facts [of the trial court]." Karches v. Cincinnati (1988),38 Ohio St.3d 12, 19. Furthermore, "if the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment." Id.
The implied warranty of merchantability applies to the sale of used goods. See Centennial Ins. Co. v. Tanny Internatl. (1975),46 Ohio App.2d 137, 144; Buskirk v. Harrell (June 28, 2000), Pickaway App. No. 99CA31, unreported, 2000 Ohio App. LEXIS 3100, at *8. R.C.1302.27(A) provides that a warranty of merchantability is implied in a contract for the sale of goods if the seller is a merchant with respect to goods of that kind, unless the warranty is excluded or modified as provided in R.C. 1302.29. A merchant is defined as "a person who deals in goods of the kind[.]" R.C. 1302.01(A)(5). Further, for goods to be merchantable, they must be at least "fit for the ordinary purposes for which such goods are used[.]" R.C. 1302.27(B)(3).
 [T]he ordinary buyer in a normal commercial transaction has a right to expect that the goods which are purchased will not turn out to be completely worthless. The purchaser cannot be expected to purchase goods offered by a merchant for sale and use and then find the goods are suitable only for the junk pile.
International Petroleum Services, Inc. v. S N Well Serv., Inc.
(1982), 230 Kan. 452, 454.
Pursuant to R.C. 1302.29(C), the implied warranty of merchantability is excluded in the following situations:
 (1) unless the circumstances indicate otherwise all implied warranties are excluded by expressions like "as is," "with all faults," or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty; and
 (2) when the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him; and
 (3) an implied warranty can also be excluded or modified by course of dealing or course of performance or usage of trade[.]
With these standards in mind, we now turn to the specific facts in the present case. Mr. Frame argues that the exclusions contained in R.C.1302.29(C)(1)-(3) apply, and therefore, the trial court should have found that he successfully disclaimed the implied warranty of merchantability as to the sale of the refrigerator. At trial, no evidence was presented that Mr. Frame expressed to Ms. Mayer or Mr. Elkins that the purchase of the refrigerator would be "as is" or "with all faults," thereby, making plain to Ms. Mayer that there was no implied warranty; hence, the warranty was not excluded pursuant to 1302.29(C)(1). Further, we find that the implied warranty was not disclaimed under R.C. 1302.29(C)(2), as the defect in the refrigerator was not apparent upon examination. Apparently, the refrigerator contained ice at the time of delivery, which made immediate discovery that the refrigerator was not cooling difficult. Regarding the exclusion contained in R.C. 1302.29(C)(3), the evidence demonstrated that Ms. Mayer made a single purchase from Mr. Frame. Further, although he sold secondhand goods from his residence, Mr. Frame did not present any additional evidence concerning the course of dealing, course of performance, or usage of trade. Therefore, we conclude that the implied warranty of merchantability was not excluded pursuant to R.C. 1302.29(C)(1)-(3).
Having determined that the exclusions contained in R.C. 1302.29(C) do not apply to disclaim the implied warranty of merchantability, we now turn to whether Mr. Frame was a merchant within the meaning of R.C.1302.01(A)(5). Mr. Frame sold secondhand goods, including refrigerators, from his home. By his own admission, Mr. Frame sold at least five refrigerators during the time between the sale to Ms. Mayer and the present lawsuit. Hence, we find that he was a merchant, and accordingly, the sale was governed by R.C. 1302.27.
As previously discussed, Ms. Mayer asked Mr. Elkins to purchase a secondhand refrigerator on her behalf, and Mr. Frame knew that Mr. Elkins was purchasing the appliance for Ms. Mayer. Thus, contrary to Mr. Frame's assertion, the contract to buy the refrigerator was between Ms. Mayer and Mr. Frame, not between Ms. Mayer and her agent, Mr. Elkins. Mr. Frame delivered the refrigerator to Ms. Mayer's home. Subsequently, she discovered that it was not properly cooling. Upon being informed that the refrigerator was not working, Mr. Frame offered to reimburse Ms. Mayer for a repair estimate. It was discovered that the refrigerator could not be repaired. Consequently, Mr. Frame offered her a replacement, but the situation remained unresolved. The record indicates that Mr. Frame never reimbursed Ms. Mayer for the repair estimate. After thoroughly reviewing the record, we find that the refrigerator was not fit for its ordinary purpose, and that the trial court's decision to impose liability on Mr. Frame was not against the manifest weight of the evidence.
Mr. Frame also complains that the trial court erred in its award of damages, as it was based on the testimony of Ms. Mayer and included a speculative amount, namely the anticipated cost for the removal of the refrigerator. However, at trial, Mr. Frame testified that he had been paid $270 for the refrigerator and its delivery. Ms. Mayer testified that she paid Mr. Elkins $30 also for its delivery. She also produced the receipt for the repair estimate ($56.12) and an estimate for the removal of the refrigerator ($39.93). Hence, we cannot say that the trial court erred in awarding Ms. Mayer $396.05 in damages.
After carefully reviewing the record, we conclude that the trial court correctly found that the implied warranty of merchantability applied. We further hold that the judgment of the trial court was not against the manifest weight of the evidence. Mr. Frame's first and third assignments of error are overruled.
 III.
Appellant's assignments of error are overruled. The judgment of the Medina County Municipal Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
BAIRD, J., CARR, J., CONCUR