DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment entered by the Perrysburg Municipal Court in a dispute over the right to collect unpaid insurance premiums. Because we conclude that the trial court erred in denying appellants' motion to dismiss, we reverse.
Over the years, appellants, Kermit C. Rudolph and Nancy F. Rudolph, purchased various personal insurance policies for motor vehicle and homeowner coverage through Daniel-James Insurance Agency. The insurance premiums were advanced by Daniel-James which would then invoice appellants for payment. George N. Stefango, an insurance salesman employed by Daniel-James, was appellants' long-time sales agent.
Appellants never received invoices for their 1997 homeowners and vehicle policies and, consequently, did not pay premiums for that year. However, the premiums were advanced by Daniel-James and appellants never had a lapse in insurance coverage. During 1997, appellants received insurance claim payments of more than $20,000.
In April 1998, Daniel-James merged with or was purchased by Brown 
Brown of Ohio, Inc., which discontinued the practice of advancing premiums for clients. In 1998, appellants received direct pay invoices, which they paid. In mid-December 1998, appellants received a letter from Brown Brown requesting payment of $4,901 for the 1997 premiums which had inadvertently not been previously invoiced. In January 1999, appellants also received a letter from Mr. Stefango, now employed by Brown Brown, acknowledging the mistake in invoicing and seeking reimbursement for the premiums. Appellants refused to pay.
In July 1999, Brown Brown of Ohio Inc. sued appellants for payment of the past due premiums. Appellants answered, denied liability, and raised the affirmative defense, among others, that the plaintiffs were not the real parties in interest. Appellees then amended the complaint to substitute Daniel E. Dumbauld and James K. McWhinnie as plaintiffs. Appellants again denied liability and asserted the same affirmative defenses.
Trial began on January 11, 2000. At the close of appellees' case-in-chief, appellants sought to dismiss the amended complaint because appellees had not established that they were the real parties in interest. The trial court denied the motion and the trial proceeded. On March 2, 2000, the trial court issued judgment in favor of appellees, awarding them $4,901, plus interests and costs.
Appellants now appeal that judgment, setting forth the following two assignments of error:
 "Assignment of Error Number One: The Trial Court erred in failing to dismiss Appellees' claims based upon the defense that said claims were not litigated by the real party in interest.
 "Assignment of Error Number Two: The Trial Court erred in granting judgment in Appellees' favor for insurance premiums that were not billed to Appellants by Appellees in timely fashion."
Appellants, in their first assignment of error, argue that the trial court improperly denied their motion to dismiss based upon the contention that appellees were not the real parties.
Civ.R. 41(B)(2) provides that, in a non-jury trial, the trial court may grant a motion to dismiss at the close of the plaintiff's case, on the basis that, upon the facts and law presented, the plaintiff has shown no right to relief. The court may also decline to render such a determination until the close of all the evidence. Civ.R. 41(B)(2).
Civ.R. 17(A) states that "every action shall be prosecuted in the name of the real party in interest." A "real party in interest is directly benefited or injured by the outcome of the case rather than merely having an interest in the action itself." State ex rel. Sinay v. Sodders
(1997), 80 Ohio St.3d 224, 226; Shealy v. Campbell (1985),20 Ohio St.3d 23, 24. In other words, in order to have standing, the individual must have a personal stake in the result of the controversy.State ex rel. Dallman v. Court of Common Pleas (1973), 35 Ohio St.2d 176,179. The purpose of the standing requirement is not only to ensure that the defendant-respondent will be able to raise all relevant issues which he would be entitled to assert against the real party in interest, but additionally to ensure that the defendant-respondent will not be required to defend the same case again against the real party in interest.Shealy, supra, at 24-25.
In this case, the original corporation, Daniel-James Insurance Agency, no longer exists. Testimony was presented at trial that this agency was ultimately purchased by Brown Brown of Ohio, Inc., which then became a successor to any claims by Daniel-James. However, appellees inexplicably chose to remove Brown Brown as a party, and then substituted only appellees Dumbauld and McWhinnie, individually. Appellees argue that they were the "procuring agents" for Daniel-James, which gives them standing. Even if that relationship gave them standing, nothing in the trial court proceedings established that fact.
In the amended complaint and in various pleadings, appellees explained that Dumbauld and McWhinnie were the former owners and employees of Daniel-James, and that, at some point, both worked for Brown Brown. However, no testimony or evidence of the relationship between appellees and Daniel-James or Brown Brown, was ever actually presented to the trial court. Consequently, the evidence did not support that appellees had any interest in the controversy. Therefore, although the trial court was within its discretion to decline to rule on the motion to dismiss at the close of appellees' case-in-chief, it should have granted the motion at the close of all the evidence.
Accordingly, appellants' first assignment of error is well-taken. Based upon our disposition of the first assignment of error, appellants' second assignment of error is rendered moot.
The judgment of the Perrysburg Municipal Court is reversed and remanded to enter judgment consistent with this decision and judgment entry. Court costs of this appeal are assessed to appellees.
Dumbauld, et al. v. Rudolph, et al., WD-00-026
 ______________________________ James R. Sherck, J.
 Melvin L. Resnick, J., Mark L. Pietrykowski, J., JUDGES CONCUR.