**KIRBY, Appellee,**

**v.**

**COLE, Appellant.**

[Cite as *Kirby v. Cole,* 163 Ohio App.3d 297, 2005-Ohio-4753.]

Court of Appeals of Ohio,
Third District, Seneca County.

No. 13–05–08.

Decided Sept. 12, 2005.

298

Steven W. Kirby, pro se.

James R. Gucker, for appellant.

ROGERS, Judge.

{¶ 1} Defendant-appellant, Elmer Cole, appeals a judgment of the Municipal Court of the City of Tiffin, Small Claims Division, granting judgment for plaintiff-appellee, Steven Kirby, in the amount of $1,146.54 plus costs. On appeal, Cole asserts that the municipal court erred in not considering his affirmative defense that Elmco Trucking, Inc. was the proper defendant. Additionally, Cole asserts that the municipal court's judgment was against the manifest weight of the evidence. Finding that the municipal court erred in rendering judgment against Cole when Elmco Trucking, Inc. was the proper defendant, we reverse the judgment of the municipal court.

{¶ 2} Kirby was an employee of Elmco Trucking, Inc. as an over-the-road truck driver. As part of his employment, Kirby signed an acknowledgement of receipt with Elmco Trucking, Inc., stating that he had received an employee handbook. The Elmco Trucking handbook set forth the policies and procedures as well as general information regarding employment at Elmco Trucking, Inc. The handbook provided that while Elmco Trucking employees are normally paid per mile, "[a]ny driver not giving a 2 week prior notice to quitting, will only receive minimum wage for hours worked the last 2 weeks of employment."

{¶ 3} In July 2004, Kirby filed a complaint in the Municipal Court of the City of Tiffin, Small Claims Division, against "Elmer Cole dba Elmco Trucking." In his complaint, Kirby alleged the following:

Mr. Cole has allegedly cheated me out of my last 2 pay checks. Attached with the form are copies of my last two check stubs and a breakdown how he paid me. A letter I wrote to Mr. Cole. Actually the letter that say's last on top right corner is a letter I wrote Seneca Co. Prosecutor. He also has allegedly cheated me out of other pay. He paid me an hourly rate (minimum wage). I'm on mileage pay, not hourly.

{¶ 4} Subsequently, Cole filed his answer. In his answer, Cole included in the caption "Elmco Trucking, Inc." and denied all allegations set forth in Kirby's complaint. Additionally, the answer included the following affirmative defense:

2. Defendant, Elmer Cole, Jr., submits that he was improperly named as Defendant and that Elmco Trucking, Inc. is the real party at interest.

Finally, Cole alleged a counterclaim against Kirby.

{¶ 5} In September 2004, a hearing on Kirby's complaint was held before the municipal court. At the hearing, Kirby appeared on his behalf, and Cole appeared represented by counsel. At the hearing, Cole's counsel again raised the defense that Elmer Cole was not a properly named defendant, because Kirby was an employee of Elmco Trucking, Inc., which was properly incorporated. Cole went on to defend against Kirby's claim.

{¶ 6} Following the hearing, the municipal court filed its judgment entry, granting judgment for Kirby. In its judgment entry, the municipal court stated that Kirby had shown that Cole had been paying him by the mile and that no written contract existed stating that he should be paid otherwise. Additionally, the municipal court went on to make the following finding:

With regards to the Defendant's affirmative defenses the Court finds that Plaintiff has stated a claim in this action and that while Elmer Cole was a named Defendant, the proper party/name of Elmco Trucking, Inc. was also included. Any technicality was waived when Defendant and his counsel appeared in court to attend the hearing.

{¶ 7} It is from this judgment that Cole appeals, presenting the following assignments of error for our appeal.

### Assignment of Error No. I

Whether the trial court erred as a matter of law to the prejudice of appellant in finding that the appellant was liable when the proper party was Elmco Trucking, Inc.

*Assignment of Error No. II*

Whether the trial court's judgment was against the manifest weight of the evidence.

{¶ 8} Kirby has failed to file a brief. App.R. 18(C) states, "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." Because Kirby has failed to file a brief, we elect to accept Cole's statement of the facts and issues as correct. Furthermore, upon review of the record, we are satisfied that those facts are supported by the record. Therefore, we address Cole's assignments of error in light of our election under App.R. 18(C).

*Assignment of Error No. I*

{¶ 9} In the first assignment of error, Cole contends that the municipal court erred in finding that he was personally liable where the proper defendant was Elmco Trucking, Inc. We agree.

{¶ 10} An action must be brought against a proper defendant. To determine a proper party, the substantive right being asserted under applicable law must be addressed. See *Shealy v. Campbell* (1985), 20 Ohio St.3d 23, 24, 20 OBR 210, 485 N.E.2d 701; *State ex rel. Dallman v. Ct. of Common Pleas, Franklin Cty.* (1973), 35 Ohio St.2d 176, 64 O.O.2d 103, 298 N.E.2d 515; see, also, Civ.R. 17. Here, Kirby's complaint stated that Cole had cheated him out of a portion of his last two weeks' pay. Specifically, Kirby claimed that Cole had paid him hourly for his last two weeks as opposed to by the mile. Essentially, Kirby's complaint alleged that Cole had breached the terms of his employment contract.

{¶ 11} As noted above, to determine whether a party is proper, courts look to the substantive law creating the right sought to be enforced to see whether the action is brought by the party possessing the right to relief. *Shealy,* 20 Ohio St.3d at 25, 20 OBR 210, 485 N.E.2d 701. As a general principle, only a party to a contract or an intended third-party beneficiary thereof may be named as a defendant in an action for breach of a contract. See *Grant Thornton v. Windsor House, Inc.* (1991), 57 Ohio St.3d 158, 161, 566 N.E.2d 1220. If, however, a party to the contract has assigned the contract to another, the assignee is a real party in interest. See *State ex rel. Botkins v. Laws* (1994), 69 Ohio St.3d 383, 387–388, 632 N.E.2d 897.

{¶ 12} A corporation is a legal entity separate and apart from the natural persons who compose it. *Dirksing v. Blue Chip Architectural Products,*

*Inc.* (1994), 100 Ohio App.3d 213, 226, 653 N.E.2d 718. As a legal entity, corporations may do many things, including entering into contracts. *Glenville v. Prout* (1899), 8 Ohio Dec. 99, 6 Ohio N.P. 152, 1899 WL 1372. Finally, R.C. 1701.13 provides that "[a] corporation may sue and be sued."

{¶ 13} Upon review of the record, we find that Kirby was employed by Elmco Trucking, Inc., as opposed to Elmer Cole the individual. Here, Kirby signed an acknowledgment of receipt for the Elmco Trucking handbook. The acknowledgment clearly shows that Kirby was an employee of Elmco Trucking, Inc., as opposed to Cole. Additionally, Cole testified that Elmco Trucking, Inc. was incorporated and that it complied with all corporate formalities. Accordingly, the employment contract was between Kirby and Elmco Trucking, Inc., as opposed to Cole. Thus, because only a party to a contract can be sued and because Elmco Trucking, Inc. was a party to the employment contract, Kirby was required to file suit against Elmco Trucking, Inc.

{¶ 14} Finding that Elmco Trucking, Inc. was the proper defendant, we must now determine whether the municipal court was nevertheless able to render judgment against Cole as an individual. Kirby filed his complaint against "Elmer Cole dba Elmco Trucking." We acknowledge that the proper party is not determined from the caption but from the body of the complaint. See *Vance v. Davis* (1923), 107 Ohio St. 577, 140 N.E. 588; *Shinaberry v. Kirshner* (Sept. 22, 1989), 6th Dist. No. L–88–266, 1989 WL 108762. However, upon further review of Kirby's complaint, it is apparent that he was alleging that Cole individually breached the employment contract. Thus, Kirby's complaint, naming Cole as defendant, was clearly improper.

{¶ 15} In his answer, Cole asserted, as an affirmative defense, that he was not the proper party. Additionally, he raised the issue before the municipal court at the hearing on Kirby's complaint. Civ.R. 12(H)(1) provides, "A defense of lack of jurisdiction over the person * * * is waived (A) if omitted from a motion in the circumstances described in subdivision (G), or (B) if it is neither made by motion under this rule nor included in a responsive pleading * * *."

{¶ 16} Cole clearly raised the issue in his responsive pleading. Additionally, he again raised his defense at the hearing. While the municipal court found that Cole waived the defense by appearing at the hearing, the municipal court cites no authority for this proposition. Additionally, upon review of the applicable law, we cannot find that Cole's appearance after properly raising his defense waives the defense.

{¶ 17} Furthermore, even if the municipal court was correct in stating that Elmco Trucking Inc. was essentially named by Kirby, the municipal court's own judgment entry names "Elmer Cole," individually, as the defendant. However,

because the employment contract was between Elmco Trucking, Inc., as opposed to Cole, the trial court was not able to render judgment against Cole as an individual without making a determination whether the corporate veil should be pierced. See *Dirksing,* 100 Ohio App.3d at 226, 653 N.E.2d 718.

{¶ 18} Taking Cole's facts as true, we cannot find any reason to pierce the corporate veil and ignore the corporate entity in this case. Therefore, the municipal court erred in rendering judgment against Cole individually where Elmco Trucking, Inc. was the proper defendant. Accordingly, the first assignment of error is sustained.

## Assignment of Error No. II

{¶ 19} In the second assignment of error, Cole asserts that the municipal court's judgment is against the manifest weight of the evidence. Based on the foregoing it is unnecessary for this court to address the remaining assignment of error. Pursuant to App.R. 12(A)(1)(c), the second assignment of error has been rendered moot.

{¶ 20} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

BRYANT and SHAW, JJ., concur.