## CINCINNATI STREET RAILWAY CO v KEEHAN, Admrx

Ohio Appeals, 1st Dist, Hamilton Co

No 4140.   Decided Dec 5, 1932

Leo J. Brumleve, Jr., Cincinnati, for plaintiff in error.

Gilbert Bettman, Cincinnati, for defendant in error.

ROSS, PJ.

The defendant in error charges in the amended petition that the plaintiff in error was negligent in failing to keep a proper lookout; that it failed to have the car under control; that it failed to sound a warning; and that it operated the street car over tracks in such a rough and uneven condition that the street car was caused to sway; and, that the street car was operated at an unreasonable speed.

There is no evidence sustaining any of these specifications of negligence except as to the condition of the tracks and the swaying of the car.

The defendant in error, in the alternative, pleads the doctrine of last clear chance, alleging that the employes of the plaintiff in error saw decedent in a position of peril and failed to use proper means to prevent injury. There is no evidence sustaining this charge.

Counsel for the plaintiff in error have studiously refrained from advancing any claim upon the weight of the evidence, considering that other manifest errors will be sufficient to cause a reversal of the judgment, and prefers to reserve his rights under the statute for a possible future adverse situation, in which, were the judgment now reversed upon this ground—weight of the evidence—he might find himself helpless. Although this is one of the assignments of error in the petition in error, the matter not having been argued, we respect the evident desire of counsel and refrain from passing upon this ground for reversal.

The first assignment of error urged by counsel for plaintiff in error in his brief is, that the court refused to give his Special Charge No. 2, which is as follows:

"The court charges you that the plaintiff cannot recover if you find that John Keehan was guilty of negligence that directly contributed in the slightest degree to the cause of the collision between him and the street car, no matter what your findings may be about the condition of the track or the motion of the street car."

We consider the language of this charge argumentative and so drawn as not to clearly set forth the law involved in such plain and simple words as would enlighten the jury. We think the court committed no error in refusing to give the charge under the circumstances in this case.

In this and other instances counsel for defendant in error suggest the Two Issue

Rule as protection against reversal, even if error be predicated upon one issue. This rule is not applicable when the judgment is for the plaintiff, for, as in the instant case, it would have been necessary for the jury to find affirmatively on a number of issues. It is only employed when the judgment is for the defense and the reviewing court is unable to say, where more than one issue is involved, on which the jury predicated its verdict for the defense.

The second assignment of error applies to the general charge of the court as follows:

"The pleadings aforesaid and the evidence in the case present for your determination what we call the issues in the case, that is to say, the matters for determination herein, which are:

"First—Was the death of said John Keehan the proximate result of the negligence of the motorman of defendant as alleged in the petition or any of it?

"Second—If so, was there any contributory negligence on the part of said John Keehan co-operating or contributing in any degree as the proximate cause of the collision between the car of defendant and said Keehan resulting in his death?

"Third—If both of said questions are determined in the affirmative, does the last clear chance rule which will be specifically explained to you hereafter apply to the facts in this case and if it does apply could the defendant, through its motorman, have avoided such collision by the observance of care under said last clear chance rule?
* * *

"If the plaintiff established this by a preponderance of the evidence your verdict will be for the plaintiff, unless you find from a preponderance of the evidence that the deceased was guilty of negligence contributing in any manner, as to proximate cause of the accident and injury, in which event your verdict must be for the defendant, unless you find from the facts of this case that the rule of last clear chance, which will be hereafter explained to you, applies, in which event your verdict will be for the plaintiff."

It is the unanimous opinion of this court that the facts presented by the record furnish no case for the application of the doctrine of last clear chance.

The jury would have been justified in concluding from the evidence presented that the decedent was continuously negligent,—in parking his automobile so near the tracks of the street car, in crossing the street directly in front of the street car, and certainly in voluntarily taking up a position upon the running board of the automobile in the very face of a street car, which the defendant in error alleges was swaying from side to side, by reason of obviously defective tracks.

This is a case where the decedent, with ample opportunity to choose a position of safety in front or or in the rear of his automobile, wilfully, deliberately, and voluntarily selects a place which he evidently considered safe, we must presume, but which, if it was unsafe (just what caused him to fall from the running board being unknown) was as obvious to him before he selected it as it was to the employe of the plaintiff in error after he selected it.

That the plaintiff in error may have been negligent in not slowing up the street car or in any other way is not controlling in the face of such action on the part of the decedent.

The court committed error particularly in the charge in further stating:

"If the negligence of the deceased merely placed him in a place of danger, doing nothing more, and he did not actively do anything else, until the moment of the collision, and you find from the evidence that the motorman of defendant either knew of the danger or peril of deceased, or could, by the exercise of ordinary care, have learned and known of such peril and danger, and notwithstanding the same, could have, and failed to exercise ordinary care to prevent injury to or collision with deceased, then the plaintiff is entitled to a verdict."

As said by Judge Hornbeck in the case of **Ross v Hocking Valley Ry. Co., 40 Oh Ap, 447, (11 Abs 487)**, this doctrine is only applicable to cases where the defendant knew of the peril, and this can not be true unless it was apparent that the situation was perilous.

The charge of the court upon last clear chance, therefore, constituted prejudicial, reversible error.

There is nothing in this evidence to indicate that the motorman knew or thought that the decedent was in peril, but there is evidence to the contrary.

It is also contended that the court committed error in not charging upon the ordinance of the city as to pedestrians crossing streets at other than designated crossings. We hold against such contention, as,

according to the evidence, the decedent had crossed the street and selected his position upon or near the automobile running board.

It is also claimed that the following language of the charge was erroneous:

"In other words, a party who has the burden of proof to establish certain facts by a preponderance of the evidence does so when he presents to you evidence which is of greater weight than that presented by the other side."

This charge is objectionable, and prejudicially erroneous in confining the party to the evidence he presents. Each party is entitled to the weight of all evidence in the case, whether he presents, offers, or introduces it, or it is presented, offered, or introduced by his opponent, and this must be made plain to the jury. The failure so to do must always result in a misconception on the part of the jury.

It is claimed that certain photographs were improperly admitted. We think the court could have been more explicit in limiting the use of these photographs, but fail to find prejudicial error in their introduction.

It is contended that the court committed error in failing to give plaintiff in error's special charge No. 7, as follows:

"The court charges you that the law of Ohio provides that pedestrians shall not step into or upon a public road or highway without looking in both directions to see what is approaching and if you find that John Keehan failed to look in both directions to see what was approaching before he stepped into or upon Baymiller Street, then he was negligent."

No error was committed here. As has been said before, the decedent had proceeded across the street to the automobile, and stood still as the street car approached him. His failure to look before he left the curb could not possibly have been, the direct, proximate, or contributing cause of his injuries.

The plaintiff in error asserts that the court should have granted his request to charge upon the issue, as he calls it, of sole negligence:

"MR. BRUMLEVE: Your Honor failed to tell the jury that one of the issues in the case is that the collision occurred through the sole negligence of the deceased. I want your Honor to tell the jury that no burden of proof is assumed by the defendant, when it sets out in its answer that the injuries were sustained by the sole negligence of the plaintiff's decedent, as set out in the answer."

This court has previously stated its position fully upon this defense. **Cincinnati Street Ry. Co. v Adams, 33 Oh Ap, 311.** The defense places no burden upon the defendant, and the plaintiff is upon the defensive as to any negligence. Its presence in a case must be confusing to a jury and logically it can be nothing but surplusage. When its presence is sought to be injected into a case, the court is bound to see that the jury is not confused. The court's charge was free from error upon this point.

Plaintiff in error's special charge No. 8 was properly refused as argumentative and misleading.

Plaintiff in error's special charge No. 10 was as follows:

"The court charges you that if you find for the plaintiff, you must allow no more than you may think proportioned to the pecuniary injury sustained by the beneficiaries from the death of the decedent, but you must not multiply the pecuniary loss by the number of beneficiaries because the measure of damages is limited strictly to the financial loss to all the beneficiaries whether the whole of said loss is sustained by one beneficiary or whether it is sustained by more than one beneficiary. You must furthermore not include such elements as bereavement or mental pain and suffering of the beneficiaries or the loss of the society or comfort of the deceased."

This was refused. We find no error in it, and it should have been given. The refusal to give this charge was prejudicial error.

Special charge No. 11, requested by plaintiff in error, was argumentative and misleading, and was properly refused.

It is claimed that the court committed error in refusing to extend the cross-examination of a hostile witness. We find no abuse of the discretion lodged in the court in such matters.

What we have said disposes of all the assignments of error.

The judgment must be reversed and the cause remanded for a new trial.

HAMILTON and CUSHING, JJ, concur.