## SMITH v THOMS et

Ohio Appeals, 1st Dist, Hamilton Co

No 5046.   Decided May 4, 1936

Walter K. Sibbald, Cincinnati, for appellee.

August A. Rendigs, Cincinnati, and Wm. H. Fry, Cincinnati, for appellants.

## OPINION

By ROSS, PJ.

Appeal on questions of law from the Court of Common Pleas of Hamilton County, Ohio.

The appellee was a tenant in an apartment building owned and operated by the appellants. At about 10:45, A. M., he left his apartment, and on his way to a stairway leading down to the street level, fell over a bucket left in the hallway by an employe engaged in cleaning the floors of the hallway. There is evidence that the bucket was left in the shadow of a post, and that while there were windows in the ends of the halls, that the portion of the hallway involved was dimly and inadequately lighted and that there was no artificial light at the place where the appellee fell.

The city ordinance requiring the lighting of hallways was introduced in evidence.

The first trial of the case resulted in a disagreement. It is evident that the questions of the negligence of the appellants and appellee, as well as the proximate cause of the injuries of the appellee, were purely jury questions, and that the conclusions of the jury upon them should not be disturbed.

It is claimed that the trial court erred in the following particular:—That it failed to present to the jury the "issue" of sole negligence of appellee. Such a claim (sole negligence) on the part of the defendant in any case can be nothing more than an unwarranted and unnecessary extension of the denial of negligence on the part of the defendant. He is not bound to prove this allegation. By modification and ramification, the simple issues of a negligence case have become greatly involved leading to confusion and misapprehension on the part of juries considering these questions. To further multiply the issue now involved by adding to the simple claim on the part of the defendant of no negligence, or a charge of contributory negligence, a further so-called "issue" of sole negligence is no step in the direction of the simplification of the administration of justice. The only duty upon the trial court is not to confuse the issue of contributory negligence with a claim of sole negligence, if such claim is made by the defendant. In Cincinnati Traction Co. v Williams, 115 Oh St, 124, it is stated at page 126:

"There could of course be no recovery against the defendant, unless it was shown that defendant was negligent, and it was not essential in order to relieve the defendant that the jury should find that the plaintiff's injuries were caused solely by the negligence of the driver of the truck. This instruction was violative of the rule recently stated in Montanari v Haworth, 108 Oh St, 8, 140 NE, 319."

See also: Cinci. St. Ry. Co. v Keehan, Admrx., 45 Oh Ap, 75, (14 Abs 374); Hanna v Stoll, 112 Oh St, 344, 348; Rayland Coal v McFadden, Admr., 90 Oh St, 183; Scioto Valley Ry. & Power Co. v Rutter, Admrx., 112 Oh St, 500.

The trial court committed no error in this respect. As will be noted from the cases cited, prejudicial error has crept into cases largely through an attempt of the trial court to consider this claim of the defendants in the case before them. It is pure surplusage—both as to allegation and proof.

Again, the trial court is criticized for its charge upon presumptive negligence arising from the evidence of the appellee.

"The burden of proving contributory negligence is upon the defendants to prove that the plaintiff by his own negligence directly contributed to the happening as the proximate cause thereof, unless the evidence in the case raises a presumption that the plaintiff in any degree was guilty of negligence directly contributing to the occurrence. And when that presumption arises then it is the duty of the plaintiff to offer evidence to equal or counterbalance this presumption of negligence on his part, and when he does that then the defendants must again go forward, and by a preponderance of the evidence prove that the negligence of the plaintiff himself in any degree contributed to the happening as a direct and proximate cause thereof."

If any error occurred in this charge, it was prejudicial to the appellee, for the trial court required the appellee to counterbalance any presumption arising from the evidence in the case. The proper rule is that the plaintiff is only required to counterbalance inferences arising from his own case. To require him to counterbalance presumptions arising from all the evidence, frees the appellant from the duty of proving contributory negligence by a preponderance of the evidence. Of course, if from all the evidence in the case, by the greater weight of the same, it appeared that the appellee was guilty of negligence in the slightest degree, he could not recover.

The appellant quotes from **Michalec, Admr. v Hutchison**, 123 Oh St, 494, paragraph 2 of the syllabus:

"While the jury may indulge in reasonable presumptions in regard to the proximate causes of an accident, it cannot guess or speculate in respect to such causes. Where the issue, presented to it is, whether the negligence proximately causing the accident was that of the defendant or of the plaintiff, or of both combined, and the evidence in that respect, including such presumptions, stands in equipoise or is more favorable to the defendant, it becomes the jury's duty to return a verdict for the defendant."

The question there considered was whose negligence constituted the proximate cause of the injury. The burden rests upon the plaintiff at all times to show by the greater weight of the evidence, the preponderance thereof, that his injuries were the proximate result of the negligence of the defendant. If this be in doubt, naturally he has failed to bear the burden placed upon him by law. But this is a different thing from saying, if his negligence is in doubt—he must fail. The burden rests equally upon the defendant to prove by the preponderance of the evidence the negligence of the plaintiff contributing to cause his injuries. If he fails to carry this burden—merely raising an equipoise he must fail.

After the defendant has introduced his case, the plaintiff is entitled to the benefit of any evidence so introduced by the defendant, either to show the negligence of the defendant or his own freedom from contributory negligence, whether or not a presumption has arisen from his own evidence or not. If the defendant rests at the close of the plaintiff's case—then naturally any presumption adverse to the plaintiff arising from such evidence will be fatal unless in the case of the plaintiff evidence also appears negativing such presumption.

The special charge No. 5 requested by appellant ignores the conclusions above stated. It reads:

"I charge you that if you find that the evidence offered by the plaintiff raises a reasonable presumption of negligence on his part in failing to exercise ordinary care and prudence for his own safety at the time of the happening sued upon directly contributing to his injury, if any, the burden is cast upon the plaintiff to furnish proof as a part of his case in chief tending to counterbalance such presumption and unless you find that the plaintiff has furnished any such proof, he can not recover and your verdict must be for the defendants."

The court further charged as follows:

"I have used the term negligence, and by that I mean negligence is a failure to do or omit to do what an ordinarily careful person does, or omits to do under the same or similar circumstances. Negligence also is the failure to observe any ordinance or law prescribing a course of conduct under certain conditions, and in order that negligence in any degree shall be the basis of recovery that negligence must be the proximate cause of the happening."

We do not approve this charge. On the other hand, we are not prepared to say that in view of the record and the remaining portion of the general charge and special charges the jury was misled to the substantial injury of the appellant. Counsel at all times have a right to ▆▆▆▆ present to the court requests for the amplification of its charge. If it thus fails to dispel criticism because of brevity in the use of language—prejudicial error may intervene. This principle is too deeply set into our jurisprudence to be now discarded.

The court further charged:

"Now, the ordinance has been introduced, and that ordinance in brief provides that in a place like this when the condition is such that there is not adequate lighting the party owning the building must artificially light it so that the lighting is adequate."

Again, we are required to resort to the rules requiring the affirmative appearance of prejudicial error, and it is with considerable effort that we extend to the appellee the benefit of a lenient construction of this charge. It is capable of a construction by which the court at least leaves a suggestion that there was inadequate lighting in the premises involved in this case. This was one of the real issues in the case. Was there adequate natural lighting—if so —then artificial light was unnecessary. The charge, however, could have been given with an emphasis upon certain words and phrases which would have freed it from most of the criticism directed against it. If it was given in as prejudicial a manner as now asserted was the case, we are confident that counsel for appellant would have most certainly vigorously protested at the time and demanded the amplification he now states should have been given by the court. The fact that such protest or re-quest is absent causes us to conclude that the jury could not have been misled if counsel for appellant remained so little affected.

It is claimed also that the damages were excessive. We find sufficient evidence to warrant a finding to the extent of the verlict.

We also conclude that the charges affecting the admission of evidence do not furnish ground for reversal.

Our conclusion is that we will not disturb the judgment, although there is much justice in the criticism of the appellant.

The judgment is affirmed.

MATTHEWS and HAMILTON, JJ, concur.