**DAVIS, Plaintiff-Appellee, v. ZUCKER, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22203.   Decided November 26, 1951.

Harrison, Spangenberg & Hull, Cleveland, for plaintiff-appellee.

Arter, Hadden, Wykoff & Van Duzer, Cleveland, for defendant-appellant.

(DOYLE, J, of 9th District sitting by designation in place of HURD, J.)

## OPINION

By SKEEL, PJ.:

This appeal comes to this Court on questions of law from a judgment entered in the Common Pleas Court of Cuyahoga County in favor of the plaintiff appellee. The plaintiff filed her action against the defendant, seeking damages which she claims to have sustained as a proximate result of certain alleged acts of negligence of the defendant charged to have been committed while operating his automobile in an easterly direction on Superior Avenue in the City of Cleveland at about 5:25 P. M. on August 18, 1949.

The plaintiff, at the time of the accident, was attempting to cross from the north side of Superior Avenue to the east-bound car stop on the south side of Superior Avenue on the westerly crosswalk of East 59th Street. East 59th Street intersects Superior Avenue from the north, but not from the south.

At the time the plaintiff started to cross Superior Avenue an east-bound street car was approaching. She signaled the motorman of her desire to become a passenger, and the motorman thereupon brought the street car to a stop. The street car stopped with its front end at the west side of the west cross-walk of East 59th St., and at a point within the regular stopping place, as indicated by a stop sign attached to a trolley pole 27 feet west of the intersection.

The defendant at the time in question was driving his automobile easterly and was either just approaching or had reached the side of the street car when the street car began to stop on plaintiff's signal. As the street car slowed down and stopped, the defendant applied his brakes but did not stop until he had passed beyond the front end of the street car. The plaintiff either walked rapidly or ran in front of the street car and as she stepped into the eastbound roadway she was struck by defendant's automobile and seriously injured.

The claims of the respective parties as to the negligence proximately causing the plaintiff's injuries are in direct conflict. The question of the extent of plaintiff's injuries is not in serious dispute.

It is the claim of the plaintiff that as she signalled the street car to stop she walked rapidly to and then waited in the devil strip until it did stop, the street car making an ordinary stop at a usual stopping place; that after the street car stopped she walked past the front end to board it at the front door and as she stepped into the east roadway to reach the front door she was struck and severely injured by de-

fendant's automobile which defendant was driving in a negligent manner at a dangerous rate of speed and failing to stop as required by law which he could and should have done in the exercise of ordinary care.

The defendant on the other hand contends that plaintiff's negligence was the sole proximate cause of her injuries in that the street car made a sudden emergency stop upon plaintiff's signal; that she ran from the north side of the street directly in front of the street car which came to a sudden stop as she passed in front of it and that she ran into the front side of defendant's car as he, in the exercise of due care, was attempting to stop because of the sudden emergency created by the plaintiff's alleged negligent conduct.

The defendant claims the following prejudicial errors.

1st, in the court's general charge

(a) in defining "preponderance of the evidence"

(b) as to what speed constituted negligence per se

(c) on the subject of the effect of an emergency relieving defendant from an alleged violation of law

(d) permitting the jury to consider as an element of plaintiff's damages a postponement of marriage

2nd, in admission of evidence

(a) as to effect of skid-marks by a police officer claiming to be an expert

(b) Plaintiff's evidence on postponement of marriage.

3rd, Verdict against the weight of the evidence.

4th, Excessive damages.

5th, In overruling motion for new trial.

An examination of the record discloses credible evidence supporting the necessary allegations of plaintiff's petition and we therefore hold that the defendant's claims of error Nos. 3 and 5 are not well taken. The same is true of defendant's claim that the verdict is excessive. This claim is based in part on the evidence which was received as to the necessity of plaintiff postponing the date of her contemplated marriage. Where a woman, who, prior to an injury sustained by the alleged negligent acts of another, was eligible to marry and is so injured as a proximate result of such claimed negligence, so as to minimize or destroy her prospects of marriage or to make it difficult or impossible for her to assume the duties of marriage, if such claims are supported by evidence, the jury should be instructed to consider such circumstances, in determining the plaintiff's damage. Smith v. Pittsburg & W. R. R. 90 Fed. 783.

The evidence that was introduced on this subject was properly received. Likewise, there was no error in the court's

charge on the question because all the court did was to read the allegations contained in plaintiff's petition. Assignments of error 1 (d), and 2 and 4 are therefore overruled.

The defendant further claims that it was error to admit expert testimony of a police officer on the extent of certain skid marks which plaintiff claims were left as a result of defendant's attempt to stop his automobile, and to give his opinion, based upon the length and density of such skid marks as to the speed of defendant's motor vehicle just before he applied his brakes. The officer in the first instance gave evidence of his qualifications as an expert on this subject. The extent of his knowledge and dependability of his conclusions as disclosed by the record became a question of fact for the jury. It is a matter of general knowledge that, as a result of many years of study and research by traffic engineers, it is possible to accurately judge the speed of a motor vehicle from skid marks. We find no error in the admission of this evidence.

There are three other claims of error, all of which have to do with the court's general charge. Two of such claims deal with claimed misstatements of rules of law applicable to issues material to the case which were called to the court's attention and which the court then proceeded to correct by a proper charge of the law on the subject.

The first of these was as to the speed section of the General Code. The court first charged that any speed in excess of twenty-five miles per hour at the place of the accident, constituted negligence per se. This was clearly wrong and if left unchanged would constitute prejudicial error. But the error was called to the court's attention, whereupon, in clear and understandable language, the court directed the jury to disregard the improper statement and then gave a correct charge on the subject.

The second of the charges had to do with the statement of the law in case of a sudden emergency affecting the defendant's obligation to abide by the law of stopping when a street car is stopping or has stopped at a regular stopping place for passengers. Of course, if a sudden emergency developed by the sudden stopping of the street car, where, under the circumstances in the exercise of ordinary care the defendant was unable to comply with the law requiring him to stop his automobile at a regular car stop when a street car is stopping or has stopped to take on or let off passengers, the failure to stop would not constitute negligence. Whether the charge on this subject, as first given, was sufficiently complete is not now important. The claim that it was not, was

presented to the court and the court then gave a complete and correct statement of the law applicable to defendant's contention, insofar as it was supported by, the evidence:

To hold that incorrect statements of the law, which, if not corrected, would constitute prejudicial error, cannot be withdrawn from the consideration of the jury, and a correct charge given, would subject the trial of a case to technical hazards clearly unnecessary to do justice between the parties. **Lawrence v. Kern, 111 Oh St 564.**

Here, the correct rules on the issues of speed and emergency were, because of the correction made by the court, made to appear in clear and unmistakable language. No error can be founded on the correction as made or upon the circumstances that made it necessary to correct the charge as first given.

Coming now to the question of the charge of the Court on the burden of proof. The Court charged the jury as follows:

"Before the plaintiff may recover in the action, she must prove to you, by a preponderance of the evidence, one or more of the essential allegations of her petition, and by a preponderance of the evidence we mean the greater weight of the evidence, or that evidence which appeals more strongly to your minds **than the evidence offered by the defendant to the contrary.**" (Emphasis ours.)

It is the defendant's contention that the charge deprived him of the benefit of any evidence introduced on behalf of the plaintiff, that might be considered favorable to his case, in seeking to negative or counter-balance the effort of the plaintiff to establish her case by the greater weight of the evidence.

There can be no question but that both parties are entitled to have the jury weigh all of the evidence in considering the issues and determining whether or not the party having the burden of proof on a particular issue has sustained his contention in that regard by the greater weight of the evidence. A charge which confines a party to his own evidence without the benefit of any evidence introduced by his adversary, favorable to his case, is erroneous.

**Valencic v. Akron & Barberton Belt R. R., 113 Oh St 287,** 13 N. E. (2d) 240.

**Cincinnati Traction Co. v. Williams, 115 Oh St 124,** 152 N. E. 30.

**Cincinnati St. Ry. Co. v. Keehan, 45 Oh Ap 75,** 186 N. E. 812.

**Cincinnati Traction Co. v. Egrich, 25 Oh Ap 546,** 159 N. E. 484.

The plaintiff's contention is that, granted the charge was erroneous, an examination of the record discloses that, when considering all of the plaintiff's evidence in its most favorable light as to the contentions of the defendant, in meeting the allegations of negligence charged against him, and in considering the question of contributory negligence on the part of the plaintiff, there is absolutely no help for defendant's case coming from the plaintiff's evidence. We have carefully examined the record, with this contention in mind, and after a careful consideration of all of plaintiff's evidence introduced to establish the defendant's negligence, we are unable to say that reasonable minds would not differ on the question of whether or not some part of such evidence might not be helpful to the defendant's case.

An examination of that part of the charge, now being considered, discloses that it is totally different than the charge which was held prejudicial in the Williams case, supra. This part of the charge is concerned with the burden which plaintiff must assume in making out her case, and defining the term "Preponderance of the evidence." The jury is told that the plaintiff must prove the allegations of her petition by a preponderance of the evidence, and that * * * "by a preponderance of the evidence we mean the greater weight of the evidence, or the evidence which appeals more strongly to your minds than the evidence offered by the defendant to the contrary."

"The preponderance of the evidence does not necessarily mean the greater number of witnesses. It simply means the greater weight of the testimony."

The last paragraph of the part of the charge just quoted is a full and correct definition of what is meant by the preponderance or weight of the evidence, and was meant to apply to the obligations of both parties, where applicable. It must be considered, therefore, that the paragraph to which the defendant takes exception had application only to the plaintiff.

This part of the charge does not deprive the defendant of the right to have the jury consider, on his behalf, any of plaintiff's evidence that they might think supports his contentions.

The court in effect says that she must show or establish the material allegations of her claims of negligence proximately causing her injuries and damages, by the greater weight of the evidence, that is, that evidence dealing with and supporting the material claims of the plaintiff which appeals more strongly to the minds of the jurors than the evidence offered by the defendant to the contrary.

This part of the charge does not, in any way, limit the evidence which the jury may consider as supporting the defendant's contentions or, from his standpoint, the evidence that weighs against the plaintiff's attempt to establish her case. The jury, under this instruction, as against the plaintiff, may consider all of the defendant's evidence which is unfavorable to her case, and also any evidence introduced by plaintiff that can be said to support the contentions of defendant or assist him in meeting and attempting to counterbalance all evidence supporting the plaintiff's case.

We, therefore, conclude that this instruction does not come within the orbit of the objections that were held prejudicial as limiting or denying to one party whatever support for him may be found in the evidence of his adversary in the cases above cited.

An examination of the whole charge discloses that the plaintiff has far more reason to complain than the defendant. Before argument a special instruction was requested and given in which the jury was told that if, by the preponderance of the evidence, it is established that plaintiff was negligent and such negligence proximately contributed in the slightest degree to cause her injury, she could not recover. This instruction does not include an instruction as to who has the burden of proof in establishing negligence on the part of the plaintiff. In three places in the general charge, the jury was instructed that at all times the plaintiff must have been in the exercise of ordinary care for her own safety and if she failed to exercise ordinary care she could not recover. In no one of these instances is the question of proximate cause or burden or proof considered.

Keeping in mind that that part of the charge quoted above, which the defendant here assigns as prejudicial error, had to do with the plaintiff's case and in no way limited the jury's consideration of all the evidence in his behalf, this claim of error is overruled.

The judgment is, therefore, affirmed. Exc. Order see journal.

DOYLE, J, THOMPSON, J, concur.