FLAGSTAR BANK, FSB, Appellee,

v.

MOORE et al., Appellants.

[Cite as *Flagstar Bank, FSB v. Moore*, 185 Ohio App.3d 659, 2010-Ohio-375.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 92882.

Decided Feb. 5, 2010.

Carlisle, McNellie, Rini, Kramer & Ulrich and James L. Sassano, for appellee.

Lester S. Potash, for appellants.

CHRISTINE T. McMONAGLE, Presiding Judge.

{¶ 1} Defendants-appellants, Roosevelt Moore and Rick Braxton, appeal the trial court's judgment granting summary judgment in favor of plaintiff-appellee Flagstar Bank, FSB. We reverse and remand.

*Final Appealable Order and Appellate Jurisdiction*

{¶ 2} This foreclosure action was filed on December 27, 2006, by Sovereign Bank, FSB,[1] against Moore, Braxton, and other defendants. Upon the bank's motion for summary judgment, the trial court entered a judgment in favor of the bank, and Moore and Braxton appealed. This court dismissed the appeal for lack of a final appealable order. *Flagstar Bank, FSB v. Moore*, Cuyahoga App. No. 91145, 2008-Ohio-6163, 2008 WL 5050139. The trial court then issued two more judgments from which Moore and Braxton again appealed; this court again dismissed for lack of a final appealable order. *Flagstar Bank, FSB v. Moore*, Cuyahoga App. No. 92882, 2009-Ohio-5703, 2009 WL 3490941. Upon Braxton and Moore's motion for reconsideration, this court vacated its prior dismissal and ordered a limited remand for the trial court to file a final appealable order. *Flagstar Bank, FSB v. Moore*, Cuyahoga App. No. 92882, 2009-Ohio-6222, 2009 WL 4170935.

{¶ 3} Pursuant to that remand, the court issued a judgment entry on December 10, 2009. In that judgment, among other things, the trial court granted default judgment against two of the defendants: (1) Jane Doe, the unknown spouse of Moore, and (2) Jane Doe, the unknown spouse of Braxton. However, because the Doe parties were neither served nor identified within one year, the action never commenced against them, and they should have been dismissed, not defaulted. See Civ.R. 3(A) and 15(D). Ordinarily, we would remand the case to the trial court to correct this error. But because this case has already been remanded twice, and because the action never commenced against the Doe parties, we correct the record herein to state that the Doe defendants are dismissed, and we find that the error does not create an issue as to whether the December 10 judgment was final and appealable. See *Kohout v. Church of St. Rocco Corp.*, Cuyahoga App. No. 88969, 2008-Ohio-1819, 2008 WL 1747217, ¶ 7.

{¶ 4} In regard to another defendant, Irma J. Wilder, who appeared and set forth a claim to the subject property, the trial court stated: "The Court further finds that the Defendant Irma Wilder on September 26, 2006 under Case No. JL 06–274301 obtained a judgment lien on the amount of $2,000.00 against Defendant Richard Braxton. Having filed an answer in this matter, the Court finds that Defendant Irma Wilder claims an interest in the subject property by virtue of the judgment lien. The Court finds that Defendant Irma Wilder's judgment lien is subsequent to the lien of the Substitute Plaintiff; and that, there is no just cause for delay." In its order distributing the proceeds of the sale, however, the trial court failed to mention Wilder. We find this to be a clerical mistake and that Wilder should have been included in the order of proceeds as the "fifth" order,

---

1. Flagstar Bank was later substituted as the plaintiff.

and the original "fifth" order should have been the "sixth" order. This clerical mistake likewise does not affect the finality of the December 10 judgment.

*Facts*

{¶ 5} The complaint sought a monetary judgment against Moore only[2] (it requested that the other defendants "answer and set up any claim that they may have in said premises or be forever barred"). Count 1 of the complaint alleged in its entirety as follows:

{¶ 6} "Plaintiff says that it is the holder of a certain promissory note, a copy of which is attached hereto, marked Exhibit 'A', and made a part hereof; that by reason of default in the payment of the note and mortgage securing same, it has declared said debt due; and, that there is due and unpaid thereon the sum of $114,887.69, plus interest at the rate of 8.000% per annum from August 1, 2006."

{¶ 7} Count 2 incorporated the above allegations and alleged that plaintiff "is the holder of a certain mortgage deed, securing the payment of said promissory note, a copy of which mortgage deed is attached hereto, marked Exhibit 'B', and made a part hereof; and, that said mortgage is a valid and first lien upon the premises described in said mortgage deed."

{¶ 8} The note was executed by Moore and named "Lenders Choice Mortgage, LLC, a[n] Ohio LLC," as the lender; the mortgage was executed by Moore and Braxton and named "Lenders Choice Mortgage LLC" as the lender. The mortgage further stated that "MERS is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument."

{¶ 9} Moore and Braxton jointly answered the complaint and asserted several affirmative defenses: (1) failure to state a claim; (2) plaintiff was not the real party in interest; and (3) payment.

{¶ 10} As previously mentioned, Flagstar Bank was substituted for Sovereign Bank as the plaintiff. The May 23, 2007 "assignment of mortgage" attached to the motion to substitute provided that "MERS, Mortgage Electronic Registration Systems, Inc., as nominee for Lenders Choice Mortgage LLC (Assignor)" was transferring and assigning the note and mortgage to Flagstar Bank, FSB.

{¶ 11} Flagstar Bank filed a motion for summary judgment claiming default in the payment of the note, which triggered the acceleration provision. The

---

2. The trial court's December 10, 2009 judgment entry incorrectly stated, "The Court finds that Substitute Plaintiff does not seek a personal judgment against Defendants Roosevelt Moore and Rick Braxton."

following were attached in support of the motion: (1) the affidavit of Robert Stoudemire, assistant vice president of Flagstar Bank, (2) a copy of the note, and (3) a copy of the mortgage deed.

{¶ 12} Stoudemire averred that he served as the loan-servicing contractor for Sovereign Bank and that he "examined the loan account of Roosevelt Moore," which was "under his supervision," and determined that the "account has been and remains in default." Stoudemire further averred that there was "due a principal balance of $114,887.69 plus interest" and that the bank had properly "exercised the option contained in said mortgage note and has accelerated and called due the entire principal balance due thereon."

{¶ 13} Moore and Braxton opposed the bank's summary-judgment motion and argued that (1) the bank presented only conclusions, with no facts in support of the motion, (2) Sovereign Bank was not the real party in interest, (3) genuine issues existed regarding the alleged default, and (4) the bank failed to prove that it provided notice of the claimed default prior to exercising the acceleration provision.

{¶ 14} Moore's affidavit was submitted in opposition to the summary-judgment motion. He averred that after he executed the note, he received notice that the original lender of the note, Lenders Choice Mortgage, L.L.C., assigned the note to Flagstar Bank. He then began issuing his monthly payments to Flagstar Bank and continued to do so through December 2006. Moore averred that after he sent his December 2006 payment to Flagstar Bank, he received a letter dated December 26, 2006, advising that the note had been assigned to Countrywide Mortgage and was no longer serviced by Flagstar Bank; Moore's December payment was returned. According to Moore, at no time prior to the December 26 letter was he advised that the note had been assigned and/or that he was to direct payment other than to Flagstar Bank.

{¶ 15} Moore further averred that after receiving the December 26 letter, he called Flagstar Bank and Countrywide Mortgage and both claimed the note was in default and that no payment on it would be accepted. According to Moore, none of the payments made on the note from August 2006 through November 2006 were returned to him. Moore submitted copies of the checks (and postage receipts) sent to Flagstar Bank from June 2006 through November 2006. Moore also averred that he had never received notice of being in default on the note.

{¶ 16} The magistrate found that the bank was entitled to judgment as a matter of law. Moore and Braxton filed objections to the magistrate's decision. The trial court overruled the objections and granted the bank's motion for summary judgment. In their sole assignment of error, Moore and Braxton contend that the trial court erred in granting the bank's summary-judgment motion. The bank has not filed a brief on appeal.

*Standard of Review*

{¶ 17} Appellate review of summary judgments is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip.* (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860. The Ohio Supreme Court enunciated the appropriate test in *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, as follows:

{¶ 18} "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor."

{¶ 19} The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264. Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197; Civ.R. 56(E). Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138.

*Analysis*

*1. Real Party in Interest*

{¶ 20} Moore and Braxton contend that genuine issues of material fact challenging Flagstar Bank as the real party in interest existed. We agree.

{¶ 21} Civ.R. 17 requires that a civil action be prosecuted by the real party in interest. A real party in interest is one who is directly benefitted or injured by the outcome of the case rather than one merely having an interest in the action. *Mickey v. Denk*, Cuyahoga App. No. 90484, 2008-Ohio-3983, 2008 WL 3136629, citing *State ex. rel. Botkins v. Laws* (1994), 69 Ohio St.3d 383, 387, 632 N.E.2d 897. The purpose behind the real party in interest rule is "to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party at interest in the same matter." *Morelli v. Walker*, Cuyahoga App. No. 88706, 2007-Ohio-4832, 2007 WL 2729811, citing *Shealy v. Campbell* (1985), 20 Ohio St.3d 23, 24, 485 N.E.2d 701.

{¶ 22} This action was filed by Sovereign Bank on December 27, 2006, one day after a letter was issued from Flagstar Bank to Moore stating that Flagstar Bank had assigned the loan to Countrywide Mortgage. Another document in the record indicates that on May 23, 2007, "MERS, Mortgage Electronic Registration Systems, Inc., as nominee for Lenders Choice Mortgage LLC (Assignor)" transferred and assigned the note and mortgage to Flagstar Bank, FSB. On this record, genuine issues of material fact exist as to who is the real party in interest, and the trial court erred in granting judgment in favor of Flagstar Bank.

## 2. The Alleged Default on the Note

{¶ 23} Flagstar Bank submitted in support of its summary-judgment motion its assistant vice president's affidavit, wherein he averred that he served as the loan-servicing contractor for Sovereign Bank and that he "examined the loan account of Roosevelt Moore" and determined that the "account has been and remains in default."

{¶ 24} In opposition to the motion, Moore and Braxton submitted Moore's affidavit wherein he averred that the only notice of an assignment that he received was when the original lender (Lenders Choice Mortgage, L.L.C.) assigned the note to Flagstar Bank. He averred that after receiving that notice, he made his monthly payments to Flagstar Bank and he submitted copies of the checks (and postage receipts) he sent to Flagstar Bank from June 2006 through November 2006. A December 26, 2006 letter from Flagstar Bank to Moore advising that the note had been assigned to Countrywide Mortgage was also presented in opposition to the summary-judgment motion. Flagstar Bank did not file a reply brief in the trial court and, as already mentioned, has not filed a brief in this appeal.

{¶ 25} On this record, we find that genuine issues of material fact exist as to the claimed default, and accordingly, the trial court erred in granting summary judgment in favor of Flagstar Bank.

## 3. The Acceleration Provision

{¶ 26} Paragraph 6(C) of the note and paragraph 22 of the mortgage set forth acceleration provisions; both of which require notice. As already mentioned, Moore averred that he never received notice of being in default on the note, and the bank did not file a reply with supporting Civ.R. 56 evidence indicating that he did. On this record, genuine issues of material fact exist, and the trial court erred in granting summary judgment.

*4. Conclusion*

{¶ 27} In light of the above, genuine issues of material fact exist, the trial court erred in granting summary judgment, and its judgment is hereby reversed and the case remanded.

Judgment reversed
and cause remanded.

BLACKMON and COONEY, JJ., concur.